# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW U.D. STRAW, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:17-cv-4158-WTL-DLP ) |
| STATE OF INDIANA, | ) ) |
| Defendant. | ) |

## ENTRY GRANTING DEFENDANT'S MOTION TO DISMISS
## AND DENYING AS MOOT OTHER PENDING MOTIONS

Plaintiff Andrew Straw has filed another in a string of lawsuits in which he alleges the State of Indiana, its officials, or federal courts violated his civil rights or his rights under the Americans with Disabilities Act (ADA).[1] In the instant action, Straw names the State of Indiana as the defendant and attempts to recast his previous unsuccessful claims as a claim that the Indiana Constitution is to blame for the alleged ADA violations. The State has moved to dismiss the action (Dkt. No. 19). The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

## I. BACKGROUND

As discussed in an order dismissing one of Straw's earlier actions, he was conditionally admitted to the Indiana bar on June 7, 2002, while he was employed as a statistical analyst with the Indiana Supreme Court's Division of State Court Administration (STAD). Straw's employment with STAD apparently was terminated in July 2002. *Straw v. Ind. Sup.*

---

[1] In 2017 alone, Straw filed six such lawsuits in this court. A PACER search indicates Straw has filed multiple other cases in the courts of this circuit, many of which spawned appeals.

*Ct.*, No. 17-cv-2513-RLY-DML, 2017 WL 6316313 at *1 (S.D. Ind. Dec. 11, 2017) (citing Straw's complaint in *Straw v. Ind. Sup. Ct.*, No. 15-cv-01015-RLY-DKL (S.D. Ind. filed June 28, 2015 at Dkt. No. 1)).[2]

On August 15, 2014, Straw presented the Indiana Supreme Court with a "Petition for Redress of Grievances" seeking, among other things, compensation and an apology for the court's alleged discrimination in his bar admission and his employment. He apparently received no relief on this petition. Complaint, No. 15-cv-1015, ¶¶ 74-77.

On September 3, 2014, Indiana Supreme Court employee Brenda Rodeheffer filed a "Request for Investigation" with the Disciplinary Commission of the Indiana Supreme Court, stating that she believed Straw was unfit to practice law. Complaint, No. 15-cv-1015, Ex. EE. The Disciplinary Commission investigated Rodeheffer's allegations and initiated attorney disciplinary proceedings against Straw on January 11, 2016. On February 14, 2017, the Indiana Supreme Court suspended Straw from the practice of law, based on his conduct as an attorney in four ADA-related federal court cases. Specifically, the court found that Straw violated Indiana Professional Conduct Rule 3.1, which prohibits "bringing a proceeding or asserting an issue therein unless there is a basis in law and fact for doing so that is not frivolous." Dkt. No. 1-4.

Straw filed this action on November 8, 2017. On February 16, 2018, the State filed a motion to dismiss, contending in part that Straw's claims are barred by the doctrine of res judicata and that the Court lacks jurisdiction under the *Rooker-Feldman* doctrine.

## II. DISCUSSION

Straw seeks monetary damages of $300,000. He also asks this Court to make several declarations of law, all of which ultimately are premised on his contention that the Indiana

---

[2]The Court will cite this document as Complaint, No. 15-cv-1015.

Supreme Court discriminated against him in violation of the ADA.

### A. Res Judicata

Straw has litigated this claim *ad nauseam* and lost. *See Straw v. Ind. Sup. Ct.*, No. 1:17-cv-02513-RLY-DML, 2017 WL 6316313 (S.D. Ind. Dec. 11, 2017), *aff'd*, No. 17-3596, 2018 WL 1309802 (7th Cir. Jan. 29, 2018), *cert. denied*; *Straw v. Ind. Sup. Ct.*, No. 1:16-cv-3483-JMS-TAB, 2017 WL 289958 (S.D. Ind. Jan. 23, 2017), *aff'd*, 692 Fed. Appx. 291 (7th Cir. 2017), *reh'g and reh'g en banc denied*, *cert. denied*; *Straw v. Ind. Sup. Ct.*, No. 1:15-cv-1015-RLY-DKL, 2016 WL 344720 (S.D. Ind. Jan. 28, 2016), *appeal dismissed*, No. 18-1497 (7th Cir. Mar. 27, 2018), *cert. dismissed*. The State therefore contends that Straw's suit is barred by the doctrine of res judicata.

"'Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Barr v. Bd. of Trustees of W. Ill. Univ.*, 796 F.3d 837, 839 (7th Cir. 2015) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Res judicata's purpose is well-illustrated by this case; the doctrine safeguards limited judicial resources and protects litigants from vexatious lawsuits. *Id.* Straw attempts to duck the res judicata bar by contending this suit is different. Here, he blames the Indiana Constitution for the alleged ADA violations. But "'a mere change in the legal theory does not create a new cause of action.'" *Lim v. Cent. DuPage Hosp.*, 972 F.2d 758, 763 (7th Cir. 1992) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986)). Res judicata bars this action.

### B. *Rooker-Feldman* Doctrine

To the extent Straw attempts to use this lawsuit as a vehicle to appeal the Indiana Supreme Court's suspension of his law license, this Court lacks jurisdiction to entertain it. The *Rooker-Feldman* doctrine "prevents lower federal courts from exercising jurisdiction over cases

brought by state court losers challenging state court judgments rendered before the district court proceedings commenced." *Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016) (citing *Exxon-Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also Johnson v. Sup. Ct. of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999) ("As we have held in similar cases, the *Rooker-Feldman* doctrine eliminates most avenues of attack on attorney discipline.").

Again, Straw tries to avoid the jurisdictional bar by couching his claim as one that the Indiana Constitution caused his injury. *See* Dkt. No. 2 at 3. As he correctly notes, the *Sykes* opinion explains that the *Rooker-Feldman* doctrine does not preclude federal courts from exercising jurisdiction over a claim "targeting a statute which has been construed against her in a state court decision, so long as she does not seek to overturn the state court judgment itself." *Sykes*, 837 F.3d at 742 (citing *Skinner v. Switzer*, 562 U.S. 521, 532-33 (2011)). Straw asserts that this is just such a claim, but he is mistaken.[3]

The *Sykes* court explained that the *Rooker-Feldman* doctrine applies to bar jurisdiction where the federal claims are "inextricably intertwined" with a state court judgment. A federal court cannot exercise jurisdiction over a claim that a plaintiff's injury ultimately was caused by a state court judgment. *Sykes*, 837 F.3d at 742. Here, Straw asserts that he was damaged because the Indiana Constitution did not protect him from the alleged ADA violations which purportedly resulted in the loss of his law license. His federal claim is inextricably intertwined with the Indiana Supreme Court's judgment and the Court lacks jurisdiction to entertain it.

---

[3]Straw cites no authority and provides no argument in support of his presumption that *Skinner* applies to state constitutions the same way it applies to state statutes. Courts cannot craft arguments and perform legal research for pro se litigants, much less pro se litigants with law degrees. *Cf. Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (declining to overlook pro se litigant's noncompliance with Federal Rule of Appellate Procedure 28).

## III.   CONCLUSION

For the reasons set forth above, The State's motion to dismiss (Dkt. No. 19) is **GRANTED**.  All other motions pending in this case are **DENIED AS MOOT**.

SO ORDERED: 8/16/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Andrew U.D. Straw**
**1900 E. Golf Rd., Suite 950A**
**Schaumburg, IL 60173**

Copies to all counsel of record via electronic notification